IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 20-47 |
| STEVEN J. RUSSO | |

### MEMORANDUM OPINION

**Schmehl, J.** *s/JLS*                                                                                       December 7, 2021

Defendant Steven Russo moves for Compassionate Release and requests that the Court reduce his sentence to time-served, and permit him to begin supervised release pursuant to 18 U.S.C. section 3582(c)(1)(A)(i). Mr. Russo argues that the threat of contracting COVID-19, coupled with his medical history, presents "extraordinary and compelling" reasons that warrant his release. The Government opposes this Motion because Mr. Russo has been fully vaccinated against COVID-19 and has not met his burden under 18 U.S.C. section 3553(a).

Below, the Court denies Mr. Russo's Motion for the reason why the Government opposes the Motion.

**I.     FACTUAL BACKGROUND**

For a period of six years, Mr. Russo used his position as an IT Director to embezzle nearly $3 million. (Gov't Resp., ECF #44, at 1.) He used that money to live an extravagant lifestyle with his family. *Id.* at 2. Mr. Russo pled guilty to one Count of wire fraud, in violation of 18 U.S.C. section 1343, and one Count of making false statements on tax returns, in violation of 26 U.S.C. section 7206(1), and was thereafter sentenced to thirty-six months' imprisonment.

*Id.* Mr. Russo is serving his sentence at FCI-Schuylkill, and has an anticipated release date of June 23, 2023. *Id.* at 3. He has served approximately eleven months of his thirty-six-month sentence. *Id.*

On February 12, 2021, Mr. Russo submitted a request for compassionate release to the warden, which was later denied. *Id.* On June 14, 2021, more than thirty days after the request to the warden pursuant to the administrative exhaustion requirement in section 3582(c)(1)(A), Mr. Russo filed this Motion for Compassionate Release. *Id.*

Mr. Russo is forty-four years old and suffers from asthma, anxiety disorder, obstructive sleep apnea, and chronic obstructive pulmonary disease (COPD). (ECF #51, 8-9.) Mr. Russo has received the Pfizer vaccine for COVID-19 on March 29, 2021, and April 19, 2021. (*Id.* at 1; ECF #44, at 4.)

## II.     **LEGAL AUTHORITY**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i)     extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). The relevant Sentencing Guidelines Policy Statement appears at § 1B1.13, and provides that the Court may grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable:" (1) "extraordinary and compelling circumstances warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with [the] policy statement." United States Sentencing Commission, Guidelines Manual § 1B1.13. However, the Sentencing Commission has not yet amended section 1B1.13 or its commentary to account for the First Step Act. Nevertheless, the Court finds that it provides "helpful guidance" even if it is "not ultimately conclusive." *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 398 (E.D. Pa. 2020).

In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,

> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant
>
> > (i) is at least 65 years old;
> >
> > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
> >
> > (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id.* Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019). In addition, the factors under section 3553(a) require a determination of whether the sentence served reflects "the nature and circumstances of the offense and the history and characteristics of the defendant;" reflects "the seriousness of the offense;" promotes "respect of the law;" and affords "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

Accordingly, to grant compassionate release, the Court will consider the Sentencing Commission's policy statement, including its interpretation of "extraordinary and compelling reasons," and the factors under section 3553(a).

## III. ANALYSIS

Mr. Russo argues that his asthma, anxiety disorder, obstructive sleep apnea, and COPD, coupled with the threat of contracting COVID-19, form the basis for his request for compassionate release. To be granted compassionate release for a medical condition, Mr. Russo must show that he suffers "from a serious physical or medical condition," "serious functional or cognitive impairment," or that he experiences "deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability . . . to provide self-care" in prison. United States Sentencing Commission, Guidelines Manual § 1B1.13.A. Although the Government acknowledges that an unvaccinated inmate who presents a medical risk factor identified by the Centers for Disease Control and Prevention meets the conditions of a medical condition for compassionate release, it argues that a vaccinated inmate, without more, does not.

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison]'s statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). In addition, "[n]ow that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL

2681498, at *4 (E.D. Pa. June 30, 2021); *see also United States v. Hannigan*, 2021 WL 1599707 (E.D. Pa. Apr. 22, 2021) ("[T]he protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release.").

Mr. Russo argues that the threat of contracting COVID-19, coupled with his medical history, presents "extraordinary and compelling." However, by being vaccinated, Mr. Russo has adequately protected himself from the risk of adverse outcomes from COVID-19 and does not present an extraordinary and compelling reason warranting compassionate release. Although the Pfizer vaccine may not provide an absolute guarantee against COVID-19, it was shown to be exceptionally effective in preventing infections and severe symptoms. *See Effectiveness of Pfizer-BioNTech and Moderna Vaccines Against COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Apr. 28, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm?s_cid=mm7018e1_w. The risk of death after full vaccination is far below the ordinary health risks commonly faced by inmates and all others.

Mr. Russo also argues that variants may emerge that bypass the vaccines. This Court does not find extraordinary and compelling circumstances based on speculation that the vaccine may not be effective against unknown variants of COVID-19. If vaccine resistant variants emerge or the vaccines prove less effective against certain variants, and the variants are within the prison system, Mr. Russo may file another Motion for Compassionate Release. *See United States v. Singh*, 525 F. Supp. 3d 543, 549 (M.D. Pa. 2021) ("It is, of course, possible that future research will demonstrate that current, or future, COVID-19 variants mitigate the effectiveness of the Moderna vaccine to such an extent that the vaccine no longer provides individuals with effective

protection. However, Singh has not demonstrated that such is the case today and, it bears emphasizing, the burden falls upon Singh to demonstrate that compassionate release is warranted.").

Accordingly, Mr. Russo must show that his medical diagnoses themselves, without reference to COVID-19, are "serious physical or medical condition[s]" or "serious functional or cognitive impairment[s]." He has not done so, and this Court has denied relief in similar circumstances to those presented here. *See, e.g.*, *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) (the defendant "suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker," but "[g]iven the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *Hannigan*, 2021 WL 1599707 (finding that diabetes, sleep apnea, and serious toe infection do not present extraordinary and compelling reasons because the inmate is fully vaccinated).

Mr. Russo has not demonstrated that his asthma, anxiety disorder, obstructive sleep apnea, or COPD, coupled with the threat of contracting COVID-19, rises to the level of a "serious physical or medical condition" or a "serious functional or cognitive impairment." Therefore, Mr. Russo's medical history does not meet the threshold of "extraordinary and compelling circumstance" to warrant release.

Even if Mr. Russo's medical history met the threshold of extraordinary and compelling circumstances to warrant release, his motion is still without merit after considering the factors under section 3553(a). After pleading guilty to, in essence, embezzling nearly $3 million, Mr. Russo has served less than one-third of his original sentence of thirty-six months. *See United*

7

*States v. Bogdanoff*, 459 F. Supp. 3d 653, 658 (E.D. Pa. 2020) ("Reducing a sentence by almost two-thirds could also have an impact on the public's respect for the law and deterrence."). In fact, he submitted a request to the warden only two months after being admitted to FCI-Schuylkill. Granting his Motion at this point would not reflect the seriousness of his offenses, promote respect for the law, or afford adequate deterrence to criminal conduct. It would signal to future defendants with some medical diagnoses that they could plead guilty to their crimes and subsequently motion the court for compassionate release after serving only a short term of their sentence. This would defeat the purpose of the criminal justice system. Again, courts have denied release in circumstances like those presented here. *See United States v. Buckman*, 2020 WL 4201509, at *5 (E.D. Pa. July 22, 2020) (reduction of forty-two-month sentence by two-thirds for $3.7 million mortgage fraud would undermine the purposes of sentencing); *United States v. Ishmael*, 2021 WL 567747 (E.D. Pa. Feb. 16, 2021) (compassionate release denied to a defendant suffering from obesity and hypertension who served 106 months of a 144-month sentence for a $2.2 million tax refund conspiracy).

Therefore, Mr. Russo has not demonstrated that his time served reflects the factors under section 3553(a).

IV. **CONCLUSION**

Mr. Russo has not demonstrated an "extraordinary and compelling reason" to be granted compassionate release, and a consideration of the factors under section 3355(a) shows that his release is inappropriate. Therefore, the Court denies his Motion for Compassionate Release.